IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| NICKOLAS A. WRONA, | § | |
| | § | Case No. 1:17-cv-178 |
| Plaintiff | § | |
| | § | |
| -v- | § | |
| | § | COMPLAINT |
| CAVALRY SPV I, LLC | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## INTRODUCTION

1. Defendant Cavalry SPV I, LLC ("Defendant") harassed Plaintiff for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, Plaintiff had never provided Defendant with his phone number, and Plaintiff repeatedly requested they cease calling him.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because these robocalls caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with his ability to make and receive phone calls on his cellular telephone.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et. seq.*, the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff Nickolas A. Wrona ("Plaintiff") is a natural person who resides in the City of Marne, County of Ottawa, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

11. Defendant is a corporation with its principal place of business at 500 Summit Lake Dr., Ste. 400, Valhalla NY 10595 and conducting business through its registered agent The Corporation Company, 40600 Ann Arbor Rd. E. Ste. 201, Plymouth MI 48170.

12. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. Defendant does not maintain a valid license from the State of Michigan to collect consumer debts in Michigan though it is required to do so. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

14. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

15. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

16. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

18. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTUAL ALLEGATIONS

19. On or around April of 2016, and within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt.

20. On or around April of 2016, and within one year immediately preceding the filing of this complaint, Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Without Plaintiff's prior express consent, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt at least seventy-five (75) times.

22. Plaintiff informed Defendant multiple times that he did not want to receive any further phone calls from them. The incessant collection calls disturbed Plaintiff's privacy, peace of mind, and caused him great consternation.

23. These calls were not made for emergency purposes.

24. Defendant placed these calls repeatedly and continuously, often multiple times per day.

25. When Plaintiff answered the phone he was met by a long period of silence or "dead air" before any representative came on the line.

26. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

27. Despite repeatedly asking Defendant to stop calling him, Plaintiff continued to receive phone calls and eventually stopped answering Defendant's calls.

28. Because Defendant was unable to speak with Plaintiff, Defendant placed calls to Plaintiff's parents.

29. In conversations with the Plaintiff's parents, Defendant informed them that Plaintiff owed a debt that had not been paid.

30. Plaintiff's parents then contacted Plaintiff to notify him that debt collectors were contacting them.

31. This greatly embarrassed Plaintiff, and he then contacted Defendant and explicitly repeated that he did not want to receive any more calls from Defendant, and that he did not permit them to speak with his parents or any other third parties regarding the debt.

### *Count I – Telephone Consumer Protection Act*

32. All calls and messages were sent in willful violation of the TCPA because Defendant never obtained Plaintiff's prior express consent to make automated calls to his cell phone or to send him prerecorded and/or synthesized messages on his cell phone.

33. Any consent that Defendant may have believed they had was revoked by Plaintiff's repeatedly telling Defendant that he did not want to receive any further calls.

34. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone within the last four years prior to filing this complaint were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

35. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone, disrupted Plaintiff's sleep, and eliminated the peace and solitude that the Plaintiff would have otherwise had.

36. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service for which the Plaintiff paid money.

37. Defendant's actions were intentional and knowing.

### *Count II – Violation of 15 U.S.C. § 1692b*

38. A debt collector may not communicate in connection with the collection of a debt with any person other than the consumer except to acquire "location information" about the consumer. 15 U.S.C. §1692b.

39. The FDCPA defines "location information" to mean "a consumer's place of abode and his telephone number at such place, or his place of employment." 15 U.S.C. §1692a(7).

40. A debt collector when communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt. 15 U.S.C. §1692b(2).

41. At the time Defendant began to collect the debt they knew Plaintiff's address and his telephone number as evidenced by multiple calls made to Plaintiff's cell phone, and several collection notices that Defendant mailed to Plaintiff's residence.

42. Defendant did not have a valid reason to contact Plaintiff's parents and any calls made to them were violations of 15 U.S.C. §1692b.

43. Defendant's disclosure to Plaintiff's parents that he owed a debt is a violation of 15 U.S.C. §1692b(2).

### *Count III – Violation of 15 U.S.C. § 1692c*

44. Pursuant to 15 U.S.C. §1692c(b), a debt collector may not communicate with anyone other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector unless the consumer has given express prior consent directly to the debt collector.

45. Defendant did not obtain the prior consent of Plaintiff to communicate with his parents.

46. Defendant did not obtain the prior consent of Plaintiff to communicate to his parents that Plaintiff owed a debt.

47. Defendant violated 15 U.S.C. §1692c(b) by placing calls to Plaintiff's parents without express prior consent.

### *Count IV – Violation of 15 U.S.C. § 1692d and MCL § 339.915(n)*

48. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

49. Defendant had no valid reason to contact Plaintiff's parents as they knew or should have known he did not reside with them.

50. Defendant's intention when contacting Plaintiff's parents was to cause him embarrassment and humiliation in violation of 15 U.S.C. §1692d.

51. Pursuant to 15 U.S.C. §1692d(5), a debt collector may not cause a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

52. MCL § 339.915(n) prohibits licensees from Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

53. Approximately seventy (70) of Defendant's calls to Plaintiff were either ignored by Plaintiff or sent to voicemail.

54. Plaintiff's statements to Defendant that he did not wish to receive calls provided them with notice that he found the calls annoying and harassing.

55. Defendant intentionally continued to contact Plaintiff with the intent of annoying him enough that they could extract payment from him in violation of 15 U.S.C. §1692d(5) and MCL § 339.915(n).

### *Count V – Violation of MCL § 339.915(q)*

56. Pursuant to MCL § 339.915(q) a licensee may not fail to implement a procedure designed to prevent a violation by an employee.

57. Defendant's multiple violations of the MOC, FDCPA, and TCPA are evidence that there were no procedures implemented by Defendant that would have prevented a violation by employees.

### **TRIAL BY JURY**

58. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

### **PRAYER FOR RELIEF**

**Telephone Collection Practices Act**

59. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

60. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

61. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

   a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

   b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

  c) An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

**Fair Debt Collection Practices Act**

62. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

  a. Defendant violated 15 U.S.C. §1692b;

  b. Defendant violated 15 U.S.C. §1692c;

  c. Defendant violated 15 U.S.C. §1692d.

**Wherefore,** Plaintiff seeks judgment against defendant for:

  a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

  b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

  c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

  d) Such further relief as the court deems just and equitable.

**Michigan Occupational Code**

63. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

  a. Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

  b. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

**Wherefore**, Plaintiff seeks judgment against defendant for:

  a) Actual damages pursuant to M.C.L. §339.916(2);

  b) Treble the actual damages pursuant to M.C.L. §339.916(2);

  c) Statutory damages pursuant to M.C.L. §339.916(2);

  d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

    e) Equitable relief pursuant to M.C.L. §339.916(2).

| Dated: February 23, 2017 | Respectfully submitted: <br><br> __/s/_____ <br> Jeffrey D. Mapes (P70509) <br> Jeffrey D. Mapes PLC <br> Attorneys for Plaintiff <br> 29 Pearl St. NW, Ste. 305 <br> Grand Rapids, MI 49503 <br> Tel: (616) 719-3847 <br> Fax: (616) 719-3857 <br> jeff@mapesdebt.com |